THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| AMERICAN CAST IRON PIPE COMPANY, et al., | )<br>) |
| Consolidated Plaintiffs, | )<br>) |
| v. | )<br>) Consol. Court No. 19-00056 |
| UNITED STATES, | )<br>) |
| Defendant, | )<br>) |
| AMERICAN CAST IRON PIPE COMPANY, et al., | )<br>) |
| Defendant-Intervenors, | )<br>) |
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş., | )<br>) |
| Consolidated Defendant-Intervenor. | )<br>) |

**OPPOSITION OF PLAINTIFF BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş., TO DEFENDANT UNITED STATES' MOTION FOR AN EXTENSION OF TIME FOR THE U.S. DEPARTMENT OF COMMERCE TO FILE ITS SECOND REMAND REDETERMINATION**

On behalf of Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. ("BMB"), we hereby submit our opposition to Defendant United States' September 30, 2021 Motion for an Extension of Time for the U.S. Department of Commerce ("Commerce") to File its Second Remand Redetermination. *See* ECF Doc. No. 112. As discussed herein, this motion should be denied and the schedule set forth in this Court's August 26, 2021 order should continue to apply.

BMB files its opposition to Defendant's motion for a 21-day extension of time for Commerce to file its second remand redetermination because Defendant has failed to show that there is good cause under Rule 6(b) of this Court for extending the deadline for the second remand redetermination. Defendant's motion should therefore be denied, particularly in light of the lengthy procedural history in this case.

Defendant has failed to establish pursuant to Rule 6(b) of this Court that there is "good cause" to grant its motion for an extension of time to file the second remand redetermination. Defendant's sole basis for claiming that "good cause" exists for its motion is a purported "heavy case load" involving preliminary and/or final determinations in eight cases before Commerce.[1] While BMB sympathizes with these considerations, these are not unusual or extraordinary circumstances, and Defendant's motion fails to demonstrate that these scheduling issues were unanticipated, nor does it show that these scheduling issues have precluded Commerce from preparing its second remand redetermination. Indeed, Commerce issued its second draft remand redetermination on September 22, 2021 and certainly could have issued it earlier if it needed more time for consideration. There is nothing in its draft remand or the filing before this Court that suggests more time is needed. Furthermore, for the first remand redetermination, Commerce was able to review the comments on the draft remand and file the final remand with the Court within 12 days.

This Court rendered its decision in this appeal by remanding three separate issues to Commerce nearly two years ago on January 7, 2020. *See* Slip Op 20-4, ECF No. 83. Instead of

---

[1] Plaintiff notes that for at least one of these cases, Commerce has already issued the final determinations. *Thermal Paper from Germany: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 86 Fed. Reg. 54,152 (Dep't Commerce Sept. 30, 2021); *Thermal Paper from Japan: Final Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 54,157 (Dep't Commerce Sept. 30, 2021).

14633083 v1

addressing each of these three issues in its first remand redetermination, Commerce chose to only address one of the issues remanded by this Court (the post-sale price adjustment) and declined to address any of the other issues.  *See* Final Results of Redetermination Pursuant to Court Remand (Mar. 9, 2020), ECF No. 86.  This Court subsequently sustained Commerce's first remand redetermination on May 22, 2020.  *See* Slip Op. 20-71, ECF No. 102.  Defendant-Intervenors then appealed to the U.S. Court of Appeals for the Federal Circuit, which subsequently reversed this Court's decision on the post-sale price adjustment issue.  *Borusan Mannesmann Boru Sanayi Ve Ticaret A.S. v. American Cast Iron Pipe Company*, 5 F.4th 1367, 1377 (Fed. Cir. 2021).

In its order remanding the case back to Commerce for the second time, this Court explicitly instructed Commerce "to address *any* issues remaining from the prior remand that are no longer moot." ECF No. 110.  That instruction was issued by this Court on August 26, 2021.  On September 22, 2021, Commerce issued the second draft remand redetermination for parties to comment on no later than September 28, 2021.  Draft Results of Redetermination Pursuant to Court Remand (Sept. 22, 2021), on the record of A-489-833.  In the second draft remand, Commerce simply recalculated the margin based on this Court's decision on the PMS adjustment and the Federal Circuit's decision on the post-sale price adjustment but failed to address the final pending issue - BMB's date of sale.  *Id.*  Both Plaintiff and Defendant-Intervenors timely submitted their comments by the September 28, 2021 deadline.  *See* Letter to Sec'y Commerce from Morris, Manning & Martin, LLP, "Large Diameter Welded Pipe from Turkey, Case No. A-489-833: BMB's Comments on Second Draft Remand Redetermination," (Sept. 28, 2021); Letter to Sec'y Commerce from Morris, Manning & Martin, LLP, "Large Diameter Welded Pipe from the Republic of Turkey: Comments on Draft Results of Remand Redetermination," (Sept. 28,

3

2021).  This then left Commerce with two weeks to review the comments and submit to the Court the final remand redetermination.  Plaintiff notes that for the first remand redetermination, Commerce was able to review comments filed on the draft remand and file the final remand with the Court within 12 days.  Now, for the second remand redetermination, Commerce requests more time but gives no concrete explanation why it now requires five weeks to accomplish what it previously was able to do in 12 days.  Plaintiff thus sees no basis for any further extension of the schedule to submit the second remand redetermination.

WHEREFORE, Plaintiff BMB respectfully requests that the Court deny Defendant's September 30, 2021 Motion for an Extension of Time for the U.S. Department of Commerce to File its Second Remand Redetermination.

Respectfully submitted,

/s/ Julie C. Mendoza
Julie C. Mendoza
Donald B. Cameron
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Edward J. Thomas
Jordan L. Fleischer

MORRIS, MANNING & MARTIN LLP
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005

*Counsel to Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş.*

Dated: October 1, 2021

# THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE

|  |  |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş., <br><br> Plaintiff, <br><br> AMERICAN CAST IRON PIPE COMPANY, et al., <br><br> Consolidated Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> AMERICAN CAST IRON PIPE COMPANY, et al., <br><br> Defendant-Intervenors, <br><br> BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş., <br><br> Consolidated Defendant-Intervenor. | Consol. Court No. 19-00056 |

## ORDER

Upon consideration of Defendant United States' Motion for an Extension of Time for the U.S. Department of Commerce to File the Second Remand Redetermination and Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş.'s response, it is hereby:

**ORDERED** that Defendant United States' motion is denied; and it is further

**ORDERED** that no change shall be made to this Court's August 26, 2021 order and the second remand redetermination shall be filed no later than October 12, 2021.

2

**SO ORDERED**.

---------------------------------------
Honorable Jane A. Restani, Senior Judge

Dated: _____, 2021
New York, New York

14633398 v1