THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant, | ) Consol. Court No. 19-00056 |
| and | ) ) ) |
| AMERICAN CAST IRON PIPE COMPANY, BERG STEEL PIPE CORP., BERG SPIRAL PIPE CORP., DURA-BOND INDUSTRIES, STUPP CORP., AMERICAN LINE PIPE PRODUCERS ASSOCIATION, GREENS BAYOU PIPE MILL, LP, JSW STEEL (USA) INC., SKYLINE STEEL, AND TRINITY PRODUCTS, | ) ) ) ) ) ) ) ) |
| Defendant-Intervenors. | ) ) |

**PLAINTIFF'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S NOVEMBER 2, 2021 FINAL REDETERMINATION PURSUANT TO COURT REMAND**

Julie C. Mendoza
Donald B. Cameron
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Edward J. Thomas III
Jordan L. Fleischer

**MORRIS, MANNING & MARTIN LLP**
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005
(202) 408-5153

November 22, 2021

*Counsel to Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş.*

## **TABLE OF CONTENTS**

I.  INTRODUCTION AND ARGUMENT ................................................................................ 1  
II.  CONCLUSION ...................................................................................................................... 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States*,
    426 F. Supp. 3d 1395 (Ct. Int'l Trade 2020) ..............................................................................2

THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN CAST IRON PIPE COMPANY, BERG STEEL PIPE CORP., BERG SPIRAL PIPE CORP., DURA-BOND INDUSTRIES, STUPP CORP., AMERICAN LINE PIPE PRODUCERS ASSOCIATION, GREENS BAYOU PIPE MILL, LP, JSW STEEL (USA) INC., SKYLINE STEEL, AND TRINITY PRODUCTS, <br><br> Defendant-Intervenors. | Consol. Court No. 19-00056 |

**PLAINTIFF'S COMMENTS ON THE U.S. DEPARTMENT OF COMMERCE'S NOVEMBER 2, 2021 FINAL REDETERMINATION PURSUANT TO COURT REMAND**

On behalf of Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. ("Plaintiff" or "BMB"), we hereby submit comments on the U.S. Department of Commerce's ("Commerce") November 2, 2021 Final Results of Redetermination Pursuant to Court Remand, ECF No. 115 ("*Second Final Remand Results*").

**I.    INTRODUCTION AND ARGUMENT**

Plaintiff BMB agrees with Commerce's finding in the *Second Final Remand Results* that its dumping margin should be zero and that it should continue to be excluded from the antidumping duty order on large diameter welded pipe. *Second Final Remand Results* at 2.

1

However, BMB notes that Commerce has failed to address the issue of the appropriate date of sale of BMB's U.S. sales, despite the Court's direction to "address <u>all</u> open issues" remaining from the Court's original opinion.  Order, ECF No. 114 (Oct. 5, 2021) (emphasis in original); *see also Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States*, 426 F. Supp. 3d 1395 (Ct. Int'l Trade 2020).  Because Commerce has declined to address this issue, this Court should enter judgment in favor of BMB on Count One (date of sale) of BMB's complaint.  Doing so would permit the Court to finally resolve all remaining issues in this appeal and avoid further piecemeal litigation.

When remanding this case back to Commerce after the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") overturned this Court regarding the amount of a post-sale price adjustment granted to BMB, the Court instructed Commerce "to address any issues remaining from the prior remand that are no longer moot."  *See* Order, ECF No. 110 (Aug. 26, 2021).  When granting Defendant's request for an extension of time to file the second remand redetermination, this Court also instructed Commerce to "address <u>all</u> open issues."  Order, ECF No. 114 (Oct. 5, 2021) (emphasis in original).  As Commerce correctly noted in its *Second Final Remand Results*, there are two issues on which the Court previously ruled that that Commerce failed to address in the first remand:  (1) adjustments made to BMB's cost of production based on a finding of a cost-based particular market situation (PMS) for the purposes of the sales below cost test and (2) BMB's U.S. date of sale.  *Second Final Remand Results* at 2.  However, Commerce only addressed one issue (PMS) and concluded that the second issue (date of sale) is no longer "an open issue" as BMB's estimated weighted-average dumping margin went to zero after removing the PMS adjustment to its costs.  *Id.* at 8.

2

This litigation has already consumed more than 2.5 years, including one appeal to the Federal Circuit, and Defendant-Intervenors' comments to Commerce on the second draft remand suggest that if this Court affirms Commerce's zero dumping margin for BMB it may take a further appeal.  Second Remand PR Doc. 4 at 16.[1]  Because Commerce has now twice declined to provide the Court with a reconsideration of the record evidence regarding the date of sale, the Court should hold that Commerce has waived the opportunity to use any date of sale other than contract date, and the Court should enter judgment in favor of BMB on Count One of BMB's complaint.

Entering final judgment for both the PMS (Count Four) and date of sale (Count One) issues now is necessary to ensure the just and efficient resolution of this litigation.  Should Defendant or Defendant-Intervenors elect to appeal any element of this Court's decision to the Federal Circuit, the record should be clear that the Court has resolved and issued judgment in BMB's favor on all remaining counts, thereby eliminating any risk of further piecemeal review of the Court's decision.

---

[1] Citations to the second remand administrative record shall be to the public or confidential record number ("Second Remand PR Doc." or "Second Remand CR Doc.") followed by the page or exhibit number.

## II. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff respectfully requests that the Court sustain Commerce's *Second Final Remand Results* and enter final judgment in favor of Plaintiff on both outstanding issues.

Respectfully submitted,

/s/ Julie C. Mendoza
Julie C. Mendoza
Donald B. Cameron
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Edward J. Thomas III
Jordan L. Fleischer

MORRIS, MANNING & MARTIN LLP
1401 Eye Street, N.W., Suite 600
Washington, D.C. 20005

*Counsel to Plaintiff Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş.*

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing submission complies with the Standard Chambers Procedures of the U.S. Court of International Trade in that it contains 678 words including text, footnotes, and headings and excluding the table of contents, table of authorities and counsel's signature block, according to the word count function of Microsoft Word 2016 used to prepare this brief.

**/s/ Julie C. Mendoza**