## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE JANE A. RESTANI, SENIOR JUDGE

| | |
|---|---|
| _____ ) | |
| BORUSAN MANNESMANN BORU SANAYI ) | |
| VE TICARET A.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Cons. Court No. 19-00056 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| AMERICAN CAST IRON PIPE COMPANY, ) | |
| BERG STEEL PIPE CORP., BERG SPIRAL ) | |
| CORP., DURA-BOND INDUSTRIES, STUPP ) | |
| CORP., AMERICAN LINE PIPE PRODUCERS ) | |
| ASSOCIATION, GREENS BAYOU PIPE MILL, ) | |
| LP, JSW STEEL (USA) INC., SKYLINE STEEL, ) | |
| AND TRINITY PRODUCTS, ) | |
| ) | |
| Defendant-Intervenors. ) | |
| _____ ) | |

## <u>ORDER</u>

Upon consideration of the Department of Commerce's redetermination following

remand, the comments on the redetermination filed by plaintiff and defendant-intervenor,

responses thereto, the administrative record, and all other pertinent papers, it is hereby

ORDERED that the Department of Commerce's redetermination is sustained; and it is

further

ORDERED that judgment is entered in favor of the United States.

_____
JUDGE

Dated: _____

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE JANE A. RESTANI, SENIOR JUDGE**

_____

|  |  |  |
|---|---|---|
| BORUSAN MANNESMANN BORU SANAYI VE TICARET A.S., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Consol. Court No. 19-00056 |
| UNITED STATES, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| AMERICAN CAST IRON PIPE COMPANY, BERG STEEL PIPE CORP., BERG SPIRAL CORP., DURA-BOND INDUSTRIES, STUPP CORP., AMERICAN LINE PIPE PRODUCERS ASSOCIATION, GREENS BAYOU PIPE MILL, LP, JSW STEEL (USA) INC., SKYLINE STEEL, AND TRINITY PRODUCTS, | ) ) ) ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) | |

_____

**DEFENDANT'S RESPONSE TO COMMENTS
ON THE SECOND REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments of plaintiff, Borusan Mannesmann Boru Sanayi ve Ticaret A.S. (Borusan), ECF. No. 118 (Borusan Br.), and defendant-intervenor, American Line Pipe Producers Association (ALPPA), ECF No. 119 (ALPPA Br.), concerning the final results of redetermination issued by the Department of Commerce (Commerce). *Final Results of Redetermination Pursuant to Court Remand* (Dep't of Commerce Nov. 1, 2021), ECF No. 115 (*Second Remand Redetermination*).

For the reasons explained below, the Court should sustain Commerce's *Second Remand*

*Redetermination*.

## **BACKGROUND**

This case concerns challenges to Commerce's final affirmative determination in the antidumping duty investigation of Large Diameter Welded Pipe (LDWP) from the Republic of Turkey. *Large Diameter Welded Pipe From the Republic of Turkey*, 84 Fed. Reg. 6,362 (Feb. 27, 2019) (final determ.) (P.R. 307),[1] and accompanying Issues and Decision Memorandum (Feb. 19, 2019) (IDM) (P.D. 295), *as amended by Large Diameter Welded Pipe From the Republic of Turkey*, 84 Fed. Reg. 18,799 (May 2, 2019) (amended final determ. and order) (P.R. 322) (collectively, *Final Determination*).

Relevant here, the Court in *Borusan I* remanded to Commerce its *Final Determination* to: (1) reconsider the amount of a post-sale price adjustment for certain of Borusan's home market sales; (2) reconsider the date of sale for Borusan's United States sales; and (3) remove any adjustments to Borusan's costs based on its finding of a particular market situation (PMS) for the purposes of the sales-below-cost test. *See Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v United States*, 426 F. Supp. 3d 1395 (Ct. Int'l Trade 2020) (*Borusan I*). On remand, Commerce granted Borusan the post-sale price adjustment in full. *See Final Results of Redetermination Pursuant to Court Remand* (Dep't of Commerce Mar. 9, 2020), ECF No. 86 (*First Remand Redetermination*). Consequently, because Borusan's margin was *de minimis* after applying the full post-sale price adjustment, Commerce determined it was unnecessary to reach the remaining issues. *Id.*

On May 22, 2020, the Court affirmed Commerce's *First Remand Redetermination*. *See Borusan Mannesmann Boru Sanayi ve Ticaret A.S. v United States*, Slip. Op. 20-71, Consol.

---

[1] "P.R." refers to the public record of the original review.

Court No. 19-00056 (Ct. Int'l Trade 2020) (*Borusan II*).  ALPPA appealed the Court's judgment

to the Court of Appeals for the Federal Circuit on the amount of Borusan's post-sale price

adjustment.  On July 20, 2021, the Federal Circuit reversed and remanded this Court's decision

sustaining Commerce's *First Remand Redetermination*, finding the agency's original granting of

a *partial* post-sale price adjustment to be supported by substantial evidence.  *See Borusan*

*Mannesmann Boru Sanayi ve Ticaret A.S. v. American Cast Iron Pipe Company*, 5 F. 4th 1367

(Fed. Cir. 2021) (*Borusan III*).  Shortly thereafter, this Court remanded to Commerce "to address

any issues remaining from the prior remand that {were} no longer moot."  *Order* dated Aug. 26,

2021 (*Remand Order*).  Commerce issued its *Second Remand Redetermination* on November 1,

2021.

## ARGUMENT

As set forth below, Commerce's *Second Remand Redetermination* fully complies with

the Court's order, is supported by substantial evidence, and is in accordance with law.

## I.     Standard Of Review

This Court sustains Commerce's determinations unless they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law."  *Bristol Metals L.*

*P. v. United States*, 703 F. Supp. 2d 1370, 1373 (Ct. Int'l Trade 2010) (quoting 19 U.S.C.

§ 1516a(b)(1)(B)(i)).  "The court will sustain {Commerce's} determination upon remand if it

complies with the court's remand order, is supported by substantial evidence on the record, and

is otherwise in accordance with law."  *Jinan Yipin Corp. Ltd. v. United States*, 637 F. Supp. 2d

1183, 1185 (Ct. Int'l Trade 2009) (citations omitted).

3

## II.    Commerce's Second Remand Redetermination Complies With The Court's Remand Order

### A.    Commerce's Decision To Remove The PMS Adjustment Is Reasonable

ALPPA opposes Commerce's decision to remove the PMS adjustment to Borusan's costs on remand, and insists the adjustment be made. *See generally* ALPPA Br. 2-13. ALPPA's argument, however, stems from a fundamental disagreement with this Court's holding in remanding the case. *See id.* at 2 ("ALPPA requests that Court reevaluate its decision and remand for Commerce to continue to make a PMS adjustment to Borusan's costs). That disagreement with the Court does not undermine Commerce's remand redetermination, which is consistent with this Court's order.

In *Borusan I*, the Court held that "no adjustment for a PMS is permitted for the sales below cost test." *Borusan I*, 426 F. Supp. 3d at 1411 (internal citations omitted), *see also id* at 1411 ("Because Commerce's adjustments to {Borusan's} {cost of production} were only for the purpose of the sales below cost of production test, Commerce's adjustments on account of a PMS in this case are contrary to law."). The Court further ordered that, on remand, "Commerce *may not* adjust the costs based on a PMS for purposes of the sales below cost of production test." *Id.* at 1414 (emphasis added).

On remand, Commerce recalculated Borusan's estimated weighted-average dumping margin without a PMS adjustment to the cost of production. *See Second Remand Redetermination* at 5, 6-7. Because Commerce's redetermination complies with the Court's order, ALPPA's disagreement does not merit further consideration. Similarly, ALPPA's arguments in favor of an adjustment, including its assertion that the agency is entitled to deference, were previously rejected by this Court.

**B.    Commerce's Decision Not To Reach The Other Issues On Remand Is Reasonable**

Borusan does not challenge Commerce's *Second Remand Redetermination*, which resulted in a dumping margin of zero for the company, and is content with being excluded from the order. Borusan Br. at 1. Still, Borusan complains that Commerce should have "address{ed} *all* open issues," *i.e.*, its U.S. date of sale. Borusan Br. 2 (emphasis in original). And without any discussion, Borusan urges the Court find in its favor on all three counts in its complaint. *Id.* at 3. Similarly, despite acknowledging the futility of the exercise, ALPPA urges the case be remanded for Commerce to consider the U.S. date of sale. ALPPA Br. at 14.

Contrary to these contentions, Commerce has complied with the *Remand Order*. As explained in the *Second Remand Redetermination*, it is unnecessary to make any additional adjustment that would have no material effect on Borusan's rate. *Second Remand Redetermination* at 8. In *Roses Inc. v United States*, 774 F. Supp. 1376 (Ct. Int'l Trade 1992), the Court acknowledged that not reaching specific issues does not equate to defying the Court. Specifically, the Court found it unnecessary for Commerce to find a benchmark and calculate a benefit when those actions would have no impact on a countervailing duty rate. *Id.* at 1381. Additionally, the Court explained that there was no defiance of the remand order because Commerce was instructed to examine whether the benefit was bestowed and did so in its redetermination results. *Id.* at 1380. Further, the Court acknowledged that to force Commerce to make the calculation "would impose a needless expense and waste the agency's time." *Id.* at 1381. Like in *Roses*, in *Borusan II*, this Court held that because "Commerce's determination that a properly-calculated post-sale price adjustment renders {Borusan's} estimated weighted-average dumping margin *de minimis*, {Borusan} has secured the maximum possible relief to which it may be entitled... namely...its merchandise 'will be excluded from the underlying

5

antidumping duty order." *Borusan II* at 13.

The situation here is no different than that in *Roses* or *Borusan II* - a determination of the United States date of sale would have no impact on Borusan's margin as it is already zero. Commerce was instructed to revert to its decision granting Borusan a partial post-sale price adjustment, and to remove the PMS adjustment to Borusan's costs; it did so. *Borusan I*, 426 F. Supp. 3d at 1411. With these issues resulting in no margin for Borusan, there were no issues left on remand to examine that could further impact the dumping margin. Requiring Commerce to consider the U.S. date of sale serves only to expend the agency's and the Court's limited resources and potentially require the Court to issue an advisory opinion on an issue not necessary to resolve Borusan's ultimate duty liability. Commerce reasonably determined not to reach the additional issue that would have no effect on the calculation of Borusan's weighted-average dumping margin, and the Court should sustain that determination.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's *Second Remand Redetermination*.

Respectfully submitted,

BRYAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Robert Kiepura
OF COUNSEL:                     ROBERT R. KIEPURA
REZA KARAMLOO                   Trial Attorney
Senior Counsel                  Civil Division

6

Office of the Chief Counsel
Commercial Litigation Branch
  for Trade Enforcement and Compliance
U.S. Department of Commerce
Washington, D.C.

U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-4436
Facsimile: (202) 353-0461
E-mail: Robert.Kiepura@usdoj.gov

December 7, 2021

*Attorneys for Defendant*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that Defendant's Response to Comments on the Remand Redetermination complies with the word count limitation under the Court's standard chambers procedures, and contains 1,396 words.

<u>/s/ Robert Kiepura</u>