Slip Op. 21-174

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş.**, | |
| Plaintiff, | |
| **AMERICAN CAST IRON PIPE COMPANY, ET AL.,** | |
| Consolidated Plaintiffs, | |
| v. | Before: Jane A. Restani, Judge |
| **UNITED STATES**, | Consol. Court No. 19-00056 |
| Defendant, | |
| **AMERICAN CAST IRON PIPE COMPANY, ET AL.,** | |
| Defendant-Intervenor, and | |
| **BORUSAN MANNESMANN BORU SANAYI VE TICARET A.Ş.**, | |
| Consolidated Defendant-Intervenor. | |

OPINION

[Commerce's Final Results of Redetermination Pursuant to Court Remand in Large Diameter Welded Pipe from the Republic of Turkey are sustained]

Dated: December 28, 2021

Donald Bertrand Cameron, Morris, Manning & Martin, LLP, of Washington, DC, for Plaintiff and Consolidated Defendant-Intervenor Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. With him on the brief were Brady Warfield Mills, Edward John Thomas, III, Eugene Degnan, Jordan L. Fleischer, Julie Clark Mendoza, Mary Shannon Hodgins, Ragan William Updegraff, Rudi Will Planert, and Sabat Chaudhary.

Court No. 19-00056                                                                 Page 2

Timothy C. Brightbill, Wiley Rein, LLP, of Washington, DC, for Consolidated Plaintiffs and
Defendant-Intervenors American Cast Iron Pipe Company, Berg Steel Pipe Corporation, Berg
Spiral Pipe Corporation, Dura-Bond Industries, Stupp Corporation, Greens Bayou Pipe Mill, LP,
JSW Steel (USA) Inc., Skyline Steel, Trinity Products LLC, and Welspun Tubular LLC USA.
With him on the brief were Adam Milan Teslik, Elizabeth Seungyon Lee, Enbar Toledano, Laura
El-Sabaawi, Maureen Elizabeth Thorson, and Tessa Victoria Capeloto.

Robert Ralph Kiepura, Commercial Litigation Branch, Civil Division, U.S. Department of
Justice, of Washington, DC, for Defendant United States of America.  With him on the brief was
Eric J. Singley. Of Counsel was Reza Karamloo, Office of the Chief Counsel for Trade
Enforcement and Compliance. U.S. Department of Commerce.

      Restani, Judge:  This matter is before the court following the Department of Commerce's

("Commerce") second remand redetermination in the antidumping duty investigation of Large

Diameter Welded Pipe ("LDWP") from the Republic of Turkey.  Plaintiff and defendant-

intervenor, Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. ("BMB"), has challenged

previous determinations and resulting antidumping duty orders as to LDWP.  See Large

Diameter Welded Pipe from the Republic of Turkey: Final Determination of Sales at Less Than

Fair Value, 84 Fed. Reg. 6,362 (Dep't Commerce Feb. 27, 2019) ("Final Determination"); Large

Diameter Welded Pipe from the Republic of Turkey: Amended Final Affirmative Antidumping

Duty Determination & Antidumping Duty Order, 84 Fed. Reg. 18,799 (Dep't Commerce May 2,

2019); Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States, 426 F. Supp. 3d

1395 (CIT 2020) ("Borusan I").

      Following a post-appeal remand, Commerce revised BMB's post-sale price adjustment,

removed an adjustment to BMB's cost of production ("COP") that was based on a finding of a

cost-based particular market situation ("PMS"), and declined to reconsider BMB's U.S. date of

sale.  Final Results of Redetermination Pursuant to Court Remand at 9, ECF No. 115 (Nov. 2,

2021) ("Second Remand Redetermination").  The adjustments resulted in a de minimis estimated

weight-average dumping margin.  Id. at 8–9.  Accordingly, Commerce found the date-of-sale

issue to be moot because the effective margin would not change, even if addressed, and the

analysis would be an exercise in futility.  Id.  The second remand redetermination adequately

addresses the court's concerns and it is supported by substantial evidence.  Thus, the second

remand redetermination is sustained.

## BACKGROUND

While the court presumes familiarity with the record, the court briefly summarizes the

relevant record evidence for ease of reference.  Commerce initiated an antidumping investigation

of LDWP from Turkey for the period January 1, 2017, through December 31, 2017.  Large

Diameter Welded Pipe from Canada, Greece, India, the People's Republic of China, the Republic

of Korea, and the Republic of Turkey: Initiation of Less-Than-Fair-Value Investigations, 83 Fed.

Reg. 7,154, 7,155 (Feb. 20, 2018).  In Borusan I, the court sustained Commerce's determination

that BMB was entitled to a downward post-sale price adjustment for the foregoing home-market

sales expenses, and remanded to Commerce to reconsider: (1) the amount of a post-sale price

adjustment for certain of BMB's home-market sales; and (2) the date of sale for BMB's United

States sales.  See Borusan I, 426 F. Supp. 3d at 1400, 1406 n.11., 1415.  The court stated that "no

adjustment for a PMS is permitted for the sales below cost test," and ordered that "Commerce may

not adjust the costs based on a PMS for purposes of the sales below cost of production test."  Id.

at 1411, 1414.

On the first remand, Commerce granted BMB the post-sale price adjustment in full.  Final

Results of Redetermination Pursuant to Court Remand at 11, ECF No. 86 (Dep't Commerce Mar.

9, 2020) ("First Remand Redetermination").  Commerce determined it was unnecessary to reach any remaining issue because BMB's margin was de minimis after applying the full post-sale price adjustment.  Id.  The court sustained Commerce's first remand redetermination.  Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States, Slip. Op. 20-71, 2020 WL 2613345, at *5 (CIT May 22, 2020) ("Borusan II").

American Line Pipe Producers Association ("ALPPA"), consolidated plaintiffs and defendant-intervenors, appealed the court's judgment in Borusan II, challenging the amount of BMB's post-sale price adjustment.  Notice of Appeal of Slip Op. 20-71, ECF No. 105 (June 24, 2020).  The Federal Circuit reversed and remanded, holding that Commerce's original granting of a partial post-sale price adjustment was supported by substantial evidence.  Borusan Mannesmann Boru Sanayi Ve Ticaret A.Ş. v. Am. Cast Iron Pipe Co., 5 F.4th 1367, 1377 (Fed. Cir. 2021) ("Borusan III").  This court then remanded the action to Commerce "to address any issues remaining from the prior remand that [were] no longer moot."  Order, ECF No. 110 (Aug. 26, 2021).

In the second remand redetermination, Commerce, consistent with Borusan III, granted BMB the original partial post-sale price adjustment.  Second Remand Redetermination at 9.  Commerce also recalculated BMB's estimated weight-average dumping margin without a PMS adjustment to the sales-below-cost test in accordance with this court's direction in Borusan I.  Id. at 5-7.  Commerce determined that BMB had an estimated weight-average dumping margin of zero percent.  Id. at 5, 9.  As a result, Commerce declined to reexamine the U.S. date-of-sale issue because it would not change the dumping margin, and thus, was moot.  Id. at 5–6, 8–9.

BMB filed comments agreeing with Commerce's finding that the dumping margin was zero. Comments on Remand Results at 1, ECF No. 118 (Nov. 22, 2021) ("BMB Comments"). BMB asked the court to hold, however, that Commerce's failure to address the date-of-sale issue was a waiver. Id. at 3. BMB argued that the court should enter judgment in its favor on the date-of-sale issue. Id.

ALPPA also filed comments, indicating its agreement with the partial post-sale price adjustment. Comments on Remand Results in Opposition to Final Results of Redetermination Pursuant to Court Remand at 2, ECF No. 119 (Nov. 22, 2021) ("ALPPA Comments"). ALPPA also argued, however, that Commerce erred by removing the adjustment for a PMS because the statute allows the application during the sales-below-cost test. Id. at 2. Finally, ALPPA asserted that the court should not grant relief on the date-of-sale issue. Id. at 14–16.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2)(B)(i). The court sustains Commerce's results of an administrative review of an antidumping duty order unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law[.]" 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

### I.       Commerce's Removal of an Adjustment for a PMS Is Not Contrary to Law

ALPPA argues that Commerce erred by removing the adjustment for a PMS. ALPPA Comments at 2. It asserts that the PMS adjustment is available when the sales-below-cost test is utilized and that the court erred in earlier decisions that held it was not available under the statute for a COP analysis. See generally id. at 2–13. BMB and the government, however, request that

the court sustain Commerce's second remand redetermination as to the PMS adjustment.  BMB

Comments at 3–4; Reply to Comments on Remand Results at 4, ECF No. 120 (Dec. 7, 2021).

Commerce originally applied the PMS adjustment for the sales-below-cost test under 19 U.S.C. §

1677b(b)(3).  Issues and Decision Memorandum for the Final Affirmative Determination in the

Less-Than-Fair-Value Investigation of Large Diameter Welded Pipe from the Republic of

Turkey, A-489-833, POI 1/1/2017-12/31/2017 at 3 (Dep't Commerce Feb. 19, 2019).

     As the court has recently explained, no adjustment for a PMS is permitted for the

sales-below-cost test.  See e.g., Borusan I, 426 F. Supp. 3d at 1411; Husteel Co. v. United States,

426 F. Supp. 3d 1376, 1383-87 (CIT 2020); Dong-A Steel Co. v. United States, 475 F. Supp. 3d

1317, 1337-41 (CIT 2020); Saha Thai Steel Pipe Public Co. v. United States, 422 F. Supp. 3d

1363, 1369-70 (CIT 2019).  The Federal Circuit has affirmed this ruling, holding that Commerce

cannot "use the existence of a PMS as a basis for adjusting a respondent's costs of production to

determine whether a respondent has made home market sales below cost."  Hyundai Steel Co. v.

United States, No. 2021-1748, 2021 WL 5856804, at *1 (Fed. Cir. Dec. 10, 2021).  The Federal

Circuit reasoned that Congress intended to limit PMS adjustments to "constructed value"

determinations in § 1677b(e) and did not authorize Commerce to apply the adjustments to the

sale-below-cost determinations in § 1677b(b).  Id. at *3; see also 19 U.S.C. § 1677b.

     The court may lack jurisdiction over this argument.  The court ordered Commerce to

remove the adjustment for a PMS in Borusan I.  See Borusan I, 426 F. Supp. 3d at 1411, 1414.

In the first remand redetermination, Commerce did not do a recalculation based on removal of

the PMS adjustment, even though it could not do otherwise, if it would affect the outcome.  See

First Remand Redetermination at 4.  As developments revealed, however, the issue was only

temporarily moot.  Id.  After the court sustained the first remand redetermination, see Borusan II,

Slip. Op. 20-71, 2020 WL 2613345, at *1.  ALPPA apparently did not raise any issue on appeal

regarding the court's order to remove the PMS.  See generally Borusan III, 5 F.4th at 1367.  The

issue is arguably "precluded from further adjudication" because it was likely included in the

scope of the final appealed judgment.  See Phil-Insul Corp. v. Airlite Plastics Co., 854 F.3d

1344, 1357 (Fed. Cir. 2017) ("An issue that falls within the scope of the judgment appealed from

but is not raised by the appellant in its opening brief on appeal is necessarily waived. . . . [A]ll

issues within the scope of the appealed judgment are deemed incorporated within the mandate

and thus are precluded from further adjudication.") (internal citations omitted).  The scope of the

appealed judgment likely included the removal of the PMS adjustment in the first remand

redetermination because it was an issue finally decided in Borusan I and Borusan II, and left no

opportunity for further explanation or reconsideration by Commerce.  See id.  Thus, the court

may lack jurisdiction over the issue because ALPPA did not raise the argument on appeal when

it had the opportunity to do so.

Assuming the court has jurisdiction over the issue, it sustains Commerce's removal of the

adjustment for a PMS.  In Borusan I, the court ordered Commerce to remove the adjustment,

holding that the PMS adjustment does not apply to the sales-below-cost test.  See Borusan I, 426

F. Supp. 3d at 1411, 1414–15.  Commerce is now complying with the court's order.  See Second

Remand Redetermination at 5–6.  ALPPA has shown no reason for the court to depart from that

order.  Further, the Federal Circuit has also recently held that Commerce is not authorized to

apply the PMS adjustment for the sales-below-cost test.  See Hyundai Steel, 2021 WL 5856804

Court No. 19-00056                                                                                 Page 8

at *1, *5.  Here, because Commerce was determining BMB's COP for purpose of the

sales-below-cost test, it was not permitted to apply the PMS adjustment.  See id.

**II.        It Is Not Necessary for the Court to Address the Date-of-Sale Argument**

  While BMB requests that the court sustain the second redetermination, it also urges the

court to find in its favor regarding "outstanding issues," including its U.S. date of sale.  BMB

Comments at 4.  BMB argues that Commerce failed to act on the court's instruction to "address

all open issues," and Commerce's characterization of the date-of-sale issue as moot was in error.

Id. at 2.  It asserts that Commerce's decision warranted the court holding that Commerce waived

the opportunity to use any date other than the contract date, and thus, the court should rule in

BMB's favor.  Id.  ALPPA asserts that the court should not grant relief in BMB's favor.  ALPPA

Comments at 16–17.

  It is not necessary for Commerce to calculate an adjustment if it "would impose a

needless expense and waste the agency's time" because it would not change the ultimate rate

determination.  See Roses Inc. v. United States, 15 CIT 465, 471, 774 F. Supp. 1376, 1381

(1991).  Here, Commerce's determinations have rendered BMB's estimated weighted-average

dumping margin de minimis and the date-of-sale determination would not change the rate

determination.  See Second Remand Redetermination at 8–9.  Commerce does not need to

calculate an adjustment if BMB has already secured the "maximum possible relief" when the

margin rate was already de minimis.  See Borusan II, 2020 WL 2613345, at *5; see also Roses,

15 CIT at 471, 774 F. Supp. at 1381.  Commerce correctly assumed that the court would not

require useless acts.  Accordingly, Commerce's second remand redetermination is sustained in

full.

## CONCLUSION

For the foregoing reasons, the second remand redetermination is **SUSTAINED**.

Judgment will issue accordingly.

/s/        Jane A. Restani
Jane A. Restani, Judge

Dated: December 28, 2021
        New York, New York